IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| CHELSIE NITSCHKE and CYNTHIA GEORGE, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGES AT FOREST VIEW, LLC, VFV PARTNERS, LLC and HOSTETTLER, NEUHOFF & DAVIS, LLC d/b/a HND REALTY, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) No.: 3:24-cv-01342 ) ) ) ) ) ) ) |

## ANSWER AND COUNTERCLAIM

Defendants Villages At Forest View, LLC, VFV Partners, LLC and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC (collectively, "Defendants") submit the following answer to Plaintiffs' Complaint:

### Answers to Numbered Paragraphs

1. Defendants deny any violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at the Villages at Forest View, 2760 Murfreesboro Pike, Antioch, Tennessee 37013 (the "Property").

2. Defendants deny any violations of the FHA and ADA at the Property. The FHA speaks for itself.

3. Defendants deny any violations of the FHA and ADA at the Property. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within Paragraph 3 of the Complaint.

1

4. Denied.

5. Defendants admit that jurisdiction and venue are proper in this judicial district. Defendants deny the remaining allegations contained within Paragraph 5 of the Complaint.

6. Defendants admit that jurisdiction and venue are proper in this judicial district. Defendants deny the remaining allegations contained within Paragraph 6 of the Complaint.

7. Defendants admit that jurisdiction and venue are proper in this judicial district. Defendants deny the remaining allegations contained within Paragraph 7 of the Complaint.

8. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within Paragraph 8 of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within Paragraph 9 of the Complaint.

10. Defendants admit the first two sentences of Paragraph 10 of the Complaint. The remaining allegations contained within Paragraph 10 of the Complaint are denied.

11. Defendants admit the first two sentences of Paragraph 11 of the Complaint. The third sentence of Paragraph 11 of the Complaint contains a legal conclusion to which no response is required. Defendants admit that VFV Partners contracted with BACAR Constructors, Inc. for the construction of the Property and contracted with Bernard L. Weinstein & Associates for the design of the Property. The remaining allegations contained within Paragraph 11 of the Complaint are denied.

12. Defendants admit the first sentence of Paragraph 12 of the Complaint. The remaining allegations contained within Paragraph 12 of the Complaint are denied.

13. Paragraph 13 does not require a response.

14. The FHA speaks for itself.

15. Paragraph 15 does not require a response.

16. Paragraph 16 does not require a response.

17. Denied.

18. Admitted.

19. Admitted.

20. Paragraph 20 contains a legal conclusion to which no response is required.

21. Paragraph 21 contains a legal conclusion to which no response is required.

22. Denied.

23. Denied.

24. Denied.

25. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within Paragraph 25 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendants' responses to the preceding paragraphs are incorporated herein by reference.

36. Paragraph 36 contains a legal conclusion to which no response is required.

37. Paragraph 37 contains a legal conclusion to which no response is required.

38. Paragraph 38 contains legal conclusions to which no response is required.

39. Denied.

40. Denied.

41. All allegations of the Complaint not specifically admitted in this Answer are denied, generally.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring their claims.

3. Plaintiffs lack standing to challenge the alleged barriers to access in areas of the subject property they did not visit prior to filing the Complaint.

4. Plaintiffs' claims are barred by the doctrines of estoppel, laches, waiver, and unclean hands.

5. Plaintiffs' claims against Defendants Villages At Forest View, LLC and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC fail as a matter of law as they are not proper parties to this litigation. Neither party participated in the construction or design of the Property and therefore cannot commit discrimination under the relevant statutory definition.

6. Plaintiffs' claims under Section 3604(f)(1) are barred as Plaintiffs did not make a bona fide offer to rent a unit at the Property.

7. Plaintiffs' claims are barred due to Plaintiffs' failure to join indispensable parties to this lawsuit. Specifically, Plaintiffs fail to name the Property's general contractor, BACAR Constructors, Inc., and the Property's architect, Bernard L. Weinstein & Associates.

8. Plaintiffs' claims are barred because they have not suffered a concrete, particularized injury caused by Defendants.

9. Plaintiffs' claims are barred because Plaintiffs' alleged damages were not proximately caused by any act or omission by Defendants.

10. Plaintiffs' claims are barred because Plaintiffs have incurred no actual damages.

11. Plaintiffs' claims are barred, in whole or in part, to the extent any of the alleged accessibility barriers have been or will be remediated.

12. Plaintiffs have not suffered and are not suffering irreparable harm and therefore, injunctive relief is not warranted.

13. Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege any facts to establish that Plaintiffs requested reasonable modifications or reasonable accommodations from Defendants and were denied the same.

14. Plaintiffs' claims are barred because Defendants' actions at all times were motivated by lawful, legitimate, and non-discriminatory factors.

15. Plaintiffs' claims against are barred by 42 U.S.C. § 3604(f)(4) because the Property was in compliance with the applicable requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people ("ANSI A117.1") upon completion.

16. Plaintiffs' claims are barred because the Property complied with 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205 upon completion.

17. Plaintiffs' claims are barred because Defendants did not violate any duty owed to Plaintiffs and that at all times, they acted in good faith with reasonable grounds for belief that their actions and the Property were compliant with the requirements of the FHA and ADA.

18. Plaintiffs are not entitled to punitive damages because Defendants did not engage in actionable discriminatory actions or omissions with malice or reckless indifference such that their actions might violate applicable laws.

19. Defendants assert that there is no obligation to make any changes to the Property that are technically infeasible, structurally impractical, not readily achievable or that pose an undue or extreme hardship or burden, whether that is administratively, structurally, or financially.

WHEREFORE, having fully answered, Defendants request that Plaintiffs' Complaint be dismissed, that they be granted an award of attorney's fees, and that all costs be taxed to Plaintiffs.

## COUNTERCLAIM

Defendants Villages At Forest View, LLC, VFV Partners, LLC and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC assume the role of Counterplaintiffs (collectively, "Counterplaintiffs") and for their claim against Plaintiffs Chelsie Nitschke and Cynthia George (collectively, "Counterdefendants"), hereby state as follows:

1. Counterplaintiffs are Tennessee limited liability companies.

2. Based on information and belief, Counterdefendants are residents of Tennessee.

3. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction because this counterclaim is so related to claims in the Complaint that they form part of the same case or controversy under Article III of the United States Constitution.

4. Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in the Middle District of Tennessee because both Counterdefendants reside in this judicial district.

5. Counterplaintiffs incorporate all assertions and defenses contained in their Answer to the Counterdefendants' Complaint as if fully set forth herein.

6. Counterdefendants' claims against Counterplaintiffs are frivolous, unreasonable, and/or groundless.

7. Pursuant to 42 U.S.C. § 3613(c)(2), the prevailing party may recover their reasonable attorneys' fees and court costs incurred in this action.

## I.     Causes of Action

### Count I – Attorneys' Fees

8. Pursuant to 42 U.S.C. § 3613(c)(2), Counterplaintiffs sue for their reasonable attorneys' fees and court costs incurred in this action in the event Counterplaintiffs prevail over Counterdefendants' claims against them.

## II.     Demand

WHEREFORE, Counterplaintiffs demand the following relief:

a. An award of attorney's fees, costs, expenses, and discretionary costs from Counterdefendants; and

b. For such other relief as may be warranted by applicable law.

Respectfully submitted,

KAY GRIFFIN EVANS, PLLC

/s/ Benjamin E. Goldammer
BENJAMIN E. GOLDAMMER (#26328)
DANICA G. SUEDEKUM (#36031)
222 Second Avenue North, Suite 340M
Nashville, Tennessee 37201
bg@kaygriffin.com
dgrosko@kaygriffin.com
615-742-4800 (o)
*Counsel for Defendants/Counterplaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing has been served via the CM/ECF's electronic filing system on this 6th day of January 2025 upon:

Eric G. Calhoun
Calhoun & Associates
1585 N. Central Expressway
Richardson, TX 75080
eric@ecalhounlaw.com

Matthew T. Sandahl
234 1st Ave. South
Franklin, TN 37064
tsandahl@mtslaw.com
*Attorneys for Plaintiffs*

                                                                           /s/ Benjamin E. Goldammer

8

Case 3:24-cv-01342   Document 16   Filed 01/06/25   Page 8 of 8 PageID #: 59