IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHELSIE NITSCHKE AND CYNTHIA GEORGE, | § § § |
| Plaintiffs, | § § Civil Action No.: 3:24-cv-01342 § |
| v. | § § JURY DEMANDED § |
| VILLAGES AT FOREST VIEW, LLC; VFV PARTNERS, LLC; HOSTETTLER, NEUHOFF & DAVIS, LLC D/B/A HND REALTY LLC; BERNARD L. WEINSTEIN D/B/A BERNARD L. WEINSTEIN & ASSOCIATES; BERNARD L. WEINSTEIN & ASSOCIATES, LLC; AND BACAR CONSTRUCTORS, INC., | § Judge William L. Campbell, Jr. § Magistrate Judge Alistair Newbern § § § § § § § § § |
| Defendants. | § |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now Chelsie Nitschke and Cynthia George ("Plaintiffs") and alleges as follows:

### I.
### INTRODUCTION

1. Plaintiffs Chelsie Nitschke and Cynthia George bring this action against Villages At Forest View, LLC, VFV Partners, LLC, and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty LLC, Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates, Bernard L. Weinstein & Associates, LLC, and Bacar Constructors, Inc., ("Defendants") alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at the Villages at Forest View, 2760 Murfreesboro Pike, Antioch, Tennessee 37013 (the "Property").

2.      Plaintiffs seek declaratory, monetary, and injunctive relief arising from violations of the accessibility requirements of the FHA. The FHA requires that certain apartment complexes built for first occupancy after March 13, 1991, be designed and constructed with accessible and usable features for people with disabilities.

3.      Plaintiff Chelsie Nitschke is a quadriplegic that uses a wheelchair. Plaintiff Cynthia George is a handicapped individual who uses assistive devices to ambulate. Plaintiffs bring this civil rights action against the Defendants for failing to design and/or construct apartments with accessible and usable features for people with disabilities as required by the FHA. Defendants' apartment complex, the Villages at Forest View, is a multi-family dwelling that has numerous barriers to access. Therefore, Plaintiffs seek a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA.

4.      The Defendants' violations of the FHA have thwarted Congressional efforts to eradicate housing discrimination against people with disabilities and rendered units and/or facilities unavailable to people with disabilities. Enforcement of the FHA against the Defendants is necessary because of the extensive nature of the civil rights violations at apartments designed, constructed, and/or owned by the Defendants.

## II.
## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a).

6.      Plaintiffs' claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

7. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## III.
## PARTIES

8. Plaintiff, Cynthia George, is and, at all times relevant hereto, was a resident of the State of Tennessee. Plaintiff is and, at all times relevant hereto, has been legally handicapped and is therefore a member of a protected class under the FHA.

9. Plaintiff, Chelsie Nitschke, is and, at all times relevant hereto, was a resident of the State of Tennessee. Plaintiff is and, at all times relevant hereto, has been legally handicapped and is therefore a member of a protected class under the FHA.

10. Defendant Villages At Forest View, LLC ("Villages At Forest View") is a Tennessee limited liability company located at 421 E. Iris Drive, Suite 300, Nashville, Tennessee 37204, and may be served with process through its counsel of record, Benjamin E. Goldammer and Danica G. Suedekum, Kay Griffin, PLLC, 222 Second Avenue North, Suite 340-M, Nashville, Tennessee 37201. Upon information and belief, Villages At Forest View was the owner of the Property. Upon information and belief, Villages At Forest View participated in the design or construction of the Property. Upon information and belief, Villages At Forest View hired various contractors to design or build the Property.

11. Defendant VFV Partners, LLC ("VFV Partners"), is a Tennessee limited liability company located at 421 E. Iris Drive, Suite 300, Nashville, Tennessee 37204, and may be served with process through its counsel of record, Benjamin E. Goldammer and Danica G Suedekum, Kay Griffin, PLLC, 222 Second Avenue North, Suite 340-M, Nashville, Tennessee 37201. Upon information and belief, VFV Partners is the current owner of the Property. Upon information and

belief, Defendants VFV Partners and Villages At Forest View are under common control. Upon information and belief, VFV Partners participated in the design or construction of the Property. Upon information and belief, VFV Partners hired various contractors to design and build the Property.

12. Defendant Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty LLC ("Hostettler, Neuhoff & Davis"), is a Tennessee limited liability company located at 421 E. Iris Drive, Suite 300, Nashville, Tennessee 37204, and may be served with process through its counsel of record, Benjamin E. Goldammer and Danica G Suedekum, Kay Griffin, PLLC, 222 Second Avenue North, Suite 340-M, Nashville, Tennessee 37201. Upon information and belief, Hostettler, Neuhoff & Davis is the developer of the Property. Upon information and belief, Hostettler, Neuhoff & Davis participated in the design and construction of the Property. Upon information and belief, Hostettler, Neuhoff & Davis hired various contractors to design or build the Property. Upon information and belief, Hostettler, Neuhoff & Davis supervised construction of the Property.

13. Defendant Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates ("Bernard L. Weinstein"), is a Tennessee limited liability company located at 2037 Bocage Circle, Nolensville, Tennessee 37135, and may be served with process through its registered agent, Khamphanh Panyavong, at that address. Upon information and belief, Bernard L. Weinstein is the architect for the Property. Upon information and belief, Bernard L. Weinstein participated in the design of the Property. Upon information and belief, Bernard L. Weinstein participated in the design or construction of the Property.

14. Defendant Bernard L. Weinstein & Associates, LLC ("Bernard L. Weinstein & Associates"), is a Tennessee limited liability company located at 2037 Bocage Circle, Nolensville, Tennessee 37135, and may be served with process through its registered agent, Khamphanh

Panyavong, at that address. Upon information and belief, Bernard L. Weinstein & Associates is the architect for the Property. Upon information and belief, Bernard L. Weinstein & Associates participated in the design of the Property. Upon information and belief, Bernard L. Weinstein & Associates participated in the design or construction of the Property.

15. Defendant Bacar Constructors, Inc., ("Bacar Constructors, Inc."), is a Tennessee corporation located at 1898 Nolensville Road, Nashville, Tennessee 37210, and may be served with process through its registered agent, Corporation Service Company, at 2908 Poston Avenue, Nashville, Tennessee 37203. Upon information and belief, Bacar Constructors, Inc. is the builder of the Property. Upon information and belief, Bacar Constructors, Inc. participated in the design and construction of the Property. Upon information and belief, Bacar Constructors, Inc. hired various contractors to design and build the Property.

## IV.
## STATUTORY BACKGROUND

### A. The FHA

16. Congress enacted the FHA design and construction accessibility requirements as part of a comprehensive revision of the FHA to prohibit discrimination on the basis of disability. The debates and legislative history of the FHA reflect Congressional findings that a person using a wheelchair or other mobility aid is just as effectively excluded from the opportunity to live in a particular dwelling by steps or thresholds at building or unit entrances and by too narrow doorways as by a posted sign saying, "No Handicapped People Allowed." In considering the 1988 disability amendments to the FHA, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including the "architectural barriers" erected by developers who fail to construct dwellings and public

accommodations accessible to and useable by people with disabilities. HR. REP. NO. 100-711, at 25 (1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2186.

17. In response to Congressional findings, the FHA mandated that every multi-family apartment building containing four (4) or more units and built for first occupancy after March 13, 1991 ("covered multi-family dwellings") be subject to certain design and construction requirements. Congress specifically rejected the approach of requiring only a specific number or percentage of units be fully accessible. Instead, Congress decided that all covered multifamily dwellings units must comply with the Act's design and construction requirements. All ground floor units must comply with the following requirements, as must all units served by an elevator:

    a) Public-use and common-use areas that are readily accessible to, and useable by, people with disabilities;

    b) Doors into and within covered units that are sufficiently wide to allow passage by people in wheelchairs;

    c) An accessible route into and through the dwelling;

    d) Light switches, electrical outlets, thermostats, and other environmental controls in accessible locations;

    e) Reinforcements in bathroom walls that allow for the later installation of grab bars; and

    f) Useable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

18. Congress viewed the accessibility requirements imposed by § 3604(f)(3)(C) as "modest." Congress found that these standards do not impose "unreasonable requirements" or a "standard of total accessibility," but rather the "basic features" required by § 3604(f)(3)(C) amount

to "minimal standards" that would be "easy to incorporate in housing design and construction." Furthermore, according to the House Report, the § 3604(f)(3)(C) requirements could be met without making new multi-family housing "look unusual" and without "significant additional costs."

19. Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated final FHA design and construction regulations in January 1989, see 24 C.F.R § 100.205 (2008), and published the final Fair Housing Act Accessibility Guidelines on March 6, 1991 (hereinafter "FHAAG") which incorporates the requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people, A117-I-1986 (hereinafter "ANSI"), see 56 Fed.Reg. 9472 (Mar. 6, 1991), and the Fair Housing Act Design Manual in August 1996, which was revised in August 1998.

20. Defendants failed to comply with the FHAAG and ANSI in the design and construction of the Property. They also failed to comply with any other recognized objective FHA or ADA standard for accessibility.

## V.
## FACTUAL BACKGROUND

**A. The "Property".**

21. The "Villages at Forest View" is an apartment complex located at 2760 Murfreesboro Pike, Antioch, Tennessee 37013. Upon information and belief, the Property consists of 249 units spread over 6 buildings and 58 townhomes. None of the apartment complex are served by elevators and the townhomes are multistory, and are not covered units.

22. The Property described above was designed and constructed for first occupancy after March 13, 1991.

23. The Property contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604 (f)(7).

24. The covered multifamily dwellings at the Property are subject to the requirements of 42 U.S.C. § 3604 (f)(3)(C). These include all ground floor units in the six apartment style buildings.

**B.** **Plaintiffs' Visits to the Property.**

25. Plaintiffs recently visited the Property and looked at one or more units to rent. Plaintiffs observed and encountered accessibility barriers that would interfere with their ability to access and use the facilities. Plaintiffs were offered a unit for rent. These barriers were a deterrent to disabled persons, such as Plaintiffs, renting an apartment.

26. As a result of Defendants' non-compliance with the FHA, Plaintiffs, unlike persons without disabilities, cannot independently use certain features of the Property.

27. Defendants' apartments lack various mandatory elements required by the FHA, necessary to make the apartments accessible and usable for people with disabilities.

28. As handicapped individuals, Plaintiffs are concerned whether apartments are accessible and useable for people with disabilities.

29. Plaintiffs have been injured by the Defendants' discriminatory practices and failure to design and/or construct apartments with accessible and usable features for people with disabilities as required by the FHA. These injuries, including frustration, physical difficulty, indignation, discrimination, and emotional distress, arose from encountering and observing discriminatory barriers at the Property. Plaintiffs also incurred out-of-pocket costs to visit the Property.

30. In addition, the barriers at the Property will interfere with residents associating with disabled persons who encounter the barriers at the Property. Disabled relatives and visitors to tenants will encounter the barriers and be deterred from accessing the Property.

31. Because the barriers at the Property are structural, it is inevitable that disabled persons visiting the Property will encounter them, hereby causing them the very injuries sought to be prevented by the FHA's design and construction requirements. The barriers at the Property present a continuing and ongoing pattern and practice of discrimination against disables persons. Such discrimination creates a presumption that injunctive relief to remedy the discrimination is necessary. United States v. Balistrieri, 981 F.2d 16, 934 (7th Cir. 1992).

32. Absent injunctive relief to remedy the barriers, they will exist in perpetuity at the Property.

33. Without injunctive relief, Plaintiffs and others will continue to be unable to fully access and use the Property in violation of their rights under the FHA. Plaintiffs expect to return to the Property after it has been remediated.

C. **FHA Violations.**

34. The Defendants' violations of 42 U.S.C. § 3604(f)(3)(C) at the Property include, but are not limited to, those outlined below. These allegations represent just some of the barriers demonstrating Defendants' failure to design and construct covered units and the public and common use areas in accord with 42 U.S.C. §3604(f)(3)(C) and are not intended as an exhaustive inventory of such violations. Plaintiffs anticipate that an inspection of the Property will identify additional violations and provide detailed locations of the violations.

35. Defendants have failed to design and/or construct public and common-use areas that are readily accessible to and useable by people with disabilities in compliance with 42 U.S.C.

§ 3604(f)(3)(C)(i) and 24 C.F.R. §100.205(c)(1) (2008). For example:

a) the accessible route leading to some of the buildings had excessively steep slopes;

b) there was no accessible route provided to public transportation stops or to public streets or sidewalk from of the accessible building entrances;

c) some of the buildings lacked an accessible route between the buildings and site facilities including the pool area;

d) the centralized mailbox center was not accessible;

e) there was no van accessible handicap parking provided at the leasing office;

f) the handicap parking at the leasing office was not flat and level and contained excessive slope;

g) the bathrooms located in the leasing office and clubhouse were not accessible;

h) some accessible routes contained excessive slopes and cross-slopes making it difficult for individuals using wheelchairs or mobility aids to safely move about; and

i) the routes leading to various common areas, residential buildings, and unit entrances have changes in level.

36. Defendants have failed to design and/or construct useable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space in compliance with 42 U.S.C. § 3604(f)(3)(C)(iii)(IV) and 24 C.F.R. § l00.205(c)(3)(iv) (2008). For example:

<blockquote>

a) bathrooms are inaccessible because they lack the requisite clear floor space at some of the vanities;

b) some bathrooms are inaccessible because the toilet centerlines are less than 18 inches to the side wall on the side opposite the direction of approach; and

c) kitchens are inaccessible because some lack a minimum clearance of 40" between all opposing base cabinets, countertops, appliances, and walls.

</blockquote>

37. Further, by failing to provide the accessible and useable features required by 42 U.S.C. § 3604(f)(3)(C) at the Property for people with physical disabilities, including but not limited to those outlined above, the Defendants have violated 42 U.S.C. § 3604(f)(1) and/or have discriminated against them in the terms, conditions, or privileges of the rental of dwellings in violation of 42 U.S.C. § 3604(f)(2).

## VI.
## CAUSE OF ACTION
### For violation of the FHA, 42 U.S.C. § 3601, et seq. and ADA

38. The allegations in the preceding paragraphs are incorporated by reference.

39. The Property contains residential apartment units that are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b).

40. Plaintiffs have standing to sue as "aggrieved persons" as defined in 42 U.S.C. § 3602(i) which includes any person who (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur.

41. At the Property, all ground-floor units and upper floor units served by elevators are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(A), were built for first occupancy after March 13, 1991, and are subject to the design and construction requirements

set forth in 42 U.S.C. § 3604(f)(3)(C) of the FHA. The public and common-use areas of the Property are also subject to the design and construction requirements of 42 USC. § 3604(f)(3)(C) and 42 U.S.C. § 12101, et seq. ("ADA").

42. Through the actions and inactions described above, the Defendants have:

    a) discriminated in the rental of, or otherwise made unavailable or denied, dwellings to persons because of their disabilities in violation of 42 U.S.C. § 3604(f)(1);

    b) discriminated against persons because of their disabilities in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(2);

    c) failed to design and construct dwellings in compliance with the requirements mandated by 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations, 24 C.F.R. Part 100.205 (2008); and

    d) discriminated against disabled persons by failing to maintain public and common areas in compliance with the ADA.

43. The Defendants' discriminatory conduct has damaged Plaintiffs.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

a. A Declaratory Judgment that at the commencement of this action and the completion of construction of the Property the Defendants were in violation of the specific requirements of the FHA, described above, and the relevant implementing regulations of the FHA and ADA;

b.      An injunction, pursuant to 42 U.S.C. § 3613(c)(l)(a), enjoining the Defendants, their officers, directors, employees, agents, successors, assigns and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently from:

    1.      with regard to the Property, failing or refusing to bring the covered dwelling units and the public use and common use areas into compliance with the requirements of 42 U.S.C. § 3604(f)(3)(C), the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA") and the applicable regulations; to comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court; and to perform or allow such other acts as may be necessary to effectuate any judgment of this Court against them;

    2.      failing or refusing to design and construct any covered multifamily dwellings in the future in compliance with 42 U.S.C. § 3604(f)(3)(C) and the applicable regulations; and

    3.      failing or refusing to take such steps as will eliminate, to the fullest extent practicable, the lingering effects of the Defendants' unlawful housing practices.

c.      An injunction enjoining the Defendants from failing or refusing to permit the survey of any of their covered properties that were designed and/or built by the Defendants and any retrofits ordered by the Court to be made at such property, to also comply with such procedures for inspection and certification of the retrofits performed as may be ordered by this Court, and to perform or allow such other acts as may be necessary to effectuate any judgment against the Defendants;

d.  Award such damages as would fully compensate Plaintiffs for their injuries incurred as a result of the Defendants' discriminatory housing practices and conduct, pursuant to 42 U.S.C. § 3613(c)(1)(a);

e.  Award such punitive damages against the Defendants as is proper under law, pursuant to 42 U.S.C. § 3613(c)(1)(a);

f.  Payment of costs of suit;

g.  Payment of reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 3613(c)(2), 42 U.S.C. §12205; and other principles of law and equity; and

h.  The provision of whatever other relief the Court deems just equitable and appropriate.

## VIII.
## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

Dated: March 14, 2025.

Respectfully Submitted,

CALHOUN & ASSOCIATES

*/s/ Eric G. Calhoun*
Eric G. Calhoun
Texas Bar No. 03638800
1595 N. Central Expressway
Richardson, Texas 75080
Telephone: (214) 766-8100
Facsimile: (214) 308-1947
eric@ecalhounlaw.com
egcla@ecalhounlaw.com (Assistant)

M. Todd Sandahl, #19167
Attorney at Law
234 First Avenue South
Franklin, Tennessee 37064

Telephone: (615) 794-3450  
Facsimile: (615) 794-3510  
tsandahl@mtslaw.com

ATTORNEYS FOR PLAINTIFFS

# CERTIFICATE OF SERVICE

      I hereby certify that on March 14, 2025, I caused a true and correct copy of the foregoing document to be served on counsel of record for Defendants, via electronic mail as follows:

| | |
|---|---|
| Benjamin E. Goldammer<br>Danica G. Suedekum<br>KAY GRIFFIN EVANS, PLLC<br>222 Second Avenue North, Suite 340M<br>Nashville, Tennessee 37201<br>bg@kaygriffin.com<br>dgrosko@kaygriffin.com | *Counsel for Defendants/ Counterplaintiffs* |
| M. Todd Sandahl<br>Attorney at Law<br>234 First Avenue South<br>Franklin, Tennessee 37064<br>tsandahl@mtslaw.com | *Counsel for Plaintiffs* |

                                                   */s/ Eric G. Calhoun*  
                                                   Eric G. Calhoun