IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| CHELSIE NITSCHKE and CYNTHIA GEORGE,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGES AT FOREST VIEW, LLC; VFV PARTNERS, LLC; HOSTETTLER, NEUHOFF & DAVIS, LLC d/b/a HND REALTY, LLC; BERNARD L. WEINSTEIN D/B/A BERNARD L. WEINSTEIN & ASSOCIATES; BERNARD L. WEINSTEIN & ASSOCIATES, LLC; AND BACAR CONSTRUCTORS, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.: 3:24-cv-01342<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS VILLAGES AT FOREST VIEW, LLC, VFV PARTNERS, LLC AND HOSTETTLER, NEUHOFF & DAVIS, LLC D/B/A HND REALTY, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, COUNTERCLAIM, AND CROSS-CLAIM**

Defendants Villages At Forest View, LLC, VFV Partners, LLC and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC (collectively, "Defendants") submit the following answer to Plaintiffs' First Amended Complaint:

**Answers to Numbered Paragraphs**

1. Defendants deny liability for any violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619 with regard to lack of accessibility at the Villages at Forest View, 2760 Murfreesboro Pike, Antioch, Tennessee 37013 (the "Property").

2. Defendants deny liability for any violations of the FHA and ADA at the Property. The FHA speaks for itself.

1

3. Defendants deny liability for any violations of the FHA and ADA at the Property. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within Paragraph 3 of the Complaint.

4. Denied as to these Defendants.

5. Defendants admit that jurisdiction and venue are proper in this judicial district. Defendants deny the remaining allegations contained within Paragraph 5 of the Complaint.

6. Defendants admit that jurisdiction and venue are proper in this judicial district. Defendants deny the remaining allegations contained within Paragraph 6 of the Complaint.

7. Defendants admit that jurisdiction and venue are proper in this judicial district. Defendants deny the remaining allegations contained within Paragraph 7 of the Complaint.

8. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within Paragraph 8 of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within Paragraph 9 of the Complaint.

10. Defendants admit the first two sentences of Paragraph 10 of the Complaint. The remaining allegations contained within Paragraph 10 of the Complaint are denied.

11. Defendants admit the first two sentences of Paragraph 11 of the Complaint. The third sentence of Paragraph 11 of the Complaint contains a legal conclusion to which no response is required. Defendants admit that VFV Partners contracted with BACAR Constructors, Inc. for the construction of the Property and contracted with Bernard L. Weinstein & Associates for the design of the Property. The remaining allegations contained within Paragraph 11 of the Complaint are denied.

12. Defendants admit the first sentence of Paragraph 12 of the Complaint. The remaining allegations contained within Paragraph 12 of the Complaint are denied.

13. Defendants admit that Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates and/or Bernard L. Weinstein & Associates, LLC was the architect for the Property and participated in the design of the Property. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within Paragraph 13 of the Complaint.

14. Defendants admit that Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates and/or Bernard L. Weinstein & Associates, LLC was the architect for the Property and participated in the design of the Property. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within Paragraph 14 of the Complaint.

15. Defendants admit that BACAR Constructors, Inc. was the builder for the Property, participated in the construction and/or design of the Property, and hired various contractors to design and/or build the Property. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within Paragraph 15 of the Complaint.

16. Paragraph 16 does not require a response.

17. The FHA speaks for itself.

18. Paragraph 18 does not require a response.

19. Paragraph 19 does not require a response.

20. Denied as to these Defendants.

21. Admitted.

22. Admitted.

23. Paragraph 23 contains a legal conclusion to which no response is required.

24. Paragraph 24 contains a legal conclusion to which no response is required.

25. Denied.

26. Denied.

27. To the extent violations of the FHA are proven to exist at the Property, Defendants deny any liability for such violations.

28. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained within Paragraph 28 of the Complaint.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied as to these Defendants.

35. Denied as to these Defendants.

36. Denied as to these Defendants.

37. Denied as to these Defendants.

38. Defendants' responses to the preceding paragraphs are incorporated herein by reference.

39. Paragraph 39 contains a legal conclusion to which no response is required.

40. Paragraph 40 contains a legal conclusion to which no response is required.

41. Paragraph 41 contains legal conclusions to which no response is required.

4

42. Denied as to these Defendants.

43. Denied as to these Defendants.

44. All allegations of the First Amended Complaint not specifically admitted in this Answer are denied, generally.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring their claims.

3. Plaintiffs lack standing to challenge the alleged barriers to access in areas of the subject property they did not visit prior to filing the Complaint.

4. Plaintiffs' claims are barred by the doctrines of estoppel, laches, waiver, and unclean hands.

5. Plaintiffs' claims against Defendants Villages At Forest View, LLC and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC fail as a matter of law as they are not proper parties to this litigation. Neither party participated in the construction or design of the Property and therefore cannot commit discrimination under the relevant statutory definition.

6. Plaintiffs' claims under Section 3604(f)(1) are barred as Plaintiffs did not make a bona fide offer to rent a unit at the Property.

7. Plaintiffs' claims are barred because they have not suffered a concrete, particularized injury caused by Defendants.

8. Plaintiffs' claims are barred because Plaintiffs' alleged damages were not proximately caused by any act or omission by Defendants.

9. Plaintiffs' claims are barred because Plaintiffs have incurred no actual damages.

5

10. Plaintiffs' claims are barred, in whole or in part, to the extent any of the alleged accessibility barriers have been or will be remediated.

11. Plaintiffs have not suffered and are not suffering irreparable harm and therefore, injunctive relief is not warranted.

12. Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege any facts to establish that Plaintiffs requested reasonable modifications or reasonable accommodations from Defendants and were denied the same.

13. Plaintiffs' claims are barred because Defendants' actions at all times were motivated by lawful, legitimate, and non-discriminatory factors.

14. Plaintiffs' claims against are barred by 42 U.S.C. § 3604(f)(4) because the Property was in compliance with the applicable requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people ("ANSI A117.1") upon completion.

15. Plaintiffs' claims are barred because the Property complied with 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205 upon completion.

16. Plaintiffs' claims are barred because Defendants did not violate any duty owed to Plaintiffs and that at all times, they acted in good faith with reasonable grounds for belief that their actions and the Property were compliant with the requirements of the FHA and ADA.

17. Plaintiffs are not entitled to punitive damages because Defendants did not engage in actionable discriminatory actions or omissions with malice or reckless indifference such that their actions might violate applicable laws.

18. Defendants assert that there is no obligation to make any changes to the Property that are technically infeasible, structurally impractical, not readily achievable or that pose an undue or extreme hardship or burden, whether that is administratively, structurally, or financially.

WHEREFORE, having fully answered, Defendants request that Plaintiffs' Complaint be dismissed, that they be granted an award of attorney's fees, and that all costs be taxed to Plaintiffs.

## COUNTERCLAIM

Defendants Villages At Forest View, LLC, VFV Partners, LLC and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC assume the role of Counterplaintiffs (collectively, "Counterplaintiffs") and for their claim against Plaintiffs Chelsie Nitschke and Cynthia George (collectively, "Counterdefendants"), hereby state as follows:

1. Counterplaintiffs are Tennessee limited liability companies.

2. Based on information and belief, Counterdefendants are residents of Tennessee.

3. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction because this counterclaim is so related to claims in the Complaint that they form part of the same case or controversy under Article III of the United States Constitution.

4. Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in the Middle District of Tennessee because both Counterdefendants reside in this judicial district.

5. Counterplaintiffs incorporate all assertions and defenses contained in their Answer to the Counterdefendants' Complaint as if fully set forth herein.

6. Counterdefendants' claims against Counterplaintiffs are frivolous, unreasonable, and/or groundless.

7. Pursuant to 42 U.S.C. § 3613(c)(2), the prevailing party may recover their reasonable attorneys' fees and court costs incurred in this action.

## I. Causes of Action

### Count I – Attorneys' Fees

8. Pursuant to 42 U.S.C. § 3613(c)(2), Counterplaintiffs sue for their reasonable attorneys' fees and court costs incurred in this action in the event Counterplaintiffs prevail over Counterdefendants' claims against them.

## II. Demand

WHEREFORE, Counterplaintiffs demand the following relief:

a. An award of attorney's fees, costs, expenses, and discretionary costs from Counterdefendants; and

b. For such other relief as may be warranted by applicable law.

## **CROSS-CLAIM**[1]

Defendant VFV Partners, LLC ("VFV") brings a cross-claim against BACAR Constructors, Inc. ("BACAR"), Bernard L. Weinstein D/B/A Bernard L. Weinstein & Associates, and Bernard L. Weinstein & Associates, LLC (collectively, "Cross-Defendants") and states as follows:

1. On or about October 27, 2020, VFV and Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates entered into a contract ("BLWA Contract") for BLWA to provide architectural and construction administration services ("Services") for a multi-family housing project located at 2760 Murfreesboro Pike, Antioch, TN 37013 ("Project"). A copy of the Contract is in the possession of BLWA.

---

[1] The claims against BACAR and BLWA are subject to binding arbitration and will be submitted to arbitration with the American Arbitration Association ("AAA") pursuant to the Contracts. VFV requests a stay of these claims pending arbitration.

2. Based on information and belief, Bernard L. Weinstein & Associates, LLC is the successor in interest to or has otherwise assumed the obligations of Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates (collectively, "BLWA").

3. Pursuant to the BLWA Contract, BLWA had an obligation to ensure that its Services on the Project complied with all applicable laws, codes, ordinances, rules and regulations, and an obligation to indemnify VFV.

4. On February 16, 2021, VFV and BACAR entered into an A101-2017 Standard Form of Agreement between Owner and Contractor ("BACAR Contract") for BACAR to act as the general contractor for the Project ("Work"). A copy of the Contract is in the possession of BACAR.

5. Pursuant to the BACAR Contract, BACAR had an obligation to ensure that its Work on the Project complied with all applicable laws, codes, ordinances, rules and regulations, and an obligation to indemnify VFV.

6. On November 12, 2024, Plaintiffs Chelsie Nitschke and Cynthia George brought this lawsuit against VFV, Villages at Forest View, LLC and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC (collectively, "Defendants") alleging violations of the Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA") at the Project.

7. On March 17, 2025, Plaintiffs amended their Complaint to add BACAR and BLWA as defendants ("Amended Complaint").

8. The Amended Complaint alleges violations of 42 USC § 3604(f)(1)-(3) and the ADA against BACAR, BLWA, and Defendants.

9. Plaintiffs' claims arise from acts and/or omissions of both BACAR and BLWA when performing their Work and Services on the Project.

10. On December 20, 2024, VFV demanded indemnity from BACAR and BLWA.

11. To date, neither BACAR nor BLWA have accepted VFV's demand for indemnity.

12. To the extent it is found that VFV is liable to Plaintiffs, VFV is entitled to indemnity from BACAR and BLWA from all claims, damages, losses, costs, expenses, and attorneys' fees imposed on VFV in favor of Plaintiff.

### I.     Causes of Action

### Count I – Declaratory Judgment

13. VFV incorporates the foregoing paragraphs as if fully set forth herein.

14. There is an actual controversy between VFV and BACAR relating to BACAR's indemnity obligations under the BACAR Contract. VFV sues for a declaratory judgment holding that BACAR has a duty to indemnify VFV from Plaintiffs' claims in this action.

15. There is an actual controversy between VFV and BLWA relating to BLWA's indemnity obligations under the BLWA Contract. VFV sues for a declaratory judgment holding that BLWA has a duty to indemnify VFV from Plaintiffs' claims in this action.

### Count II – Indemnity

16. VFV incorporates the foregoing paragraphs as if fully set forth herein.

17. In the BACAR Contract, BACAR agreed to indemnify VFV. To the extent the proof in this action demonstrates that the violations and damages claimed by Plaintiffs were caused by the negligent acts or omissions of BACAR, VFV is entitled to contractual indemnity. Alternatively, VFV sues for implied contractual indemnity.

18. In the BLWA Contract, BLWA agreed to indemnify VFV. To the extent the proof in this action demonstrates that the violations and damages claimed by Plaintiffs were caused by

the negligent acts or omissions of BLWA, VFV is entitled to contractual indemnity. Alternatively, VFV sues for implied contractual indemnity.

## Count III - Negligence

19. VFV incorporates the foregoing paragraphs as if fully set forth herein.

20. BACAR had a duty to exercise care on the Project consistent with the professional skill and care ordinarily provided by general contractors practicing in the same or similar locality under the same or similar circumstances. To the extent the proof in this action demonstrates that BACAR deviated from the standard of care and caused damages, VFV sues BACAR for negligence.

21. BLWA had a duty to exercise care on the Project consistent with the professional skill and care ordinarily provided by architects practicing in the same or similar locality under the same or similar circumstances. To the extent the proof in this action demonstrates that BLWA deviated from the standard of care and caused damages, VFV sues BLWA for negligence.

## Count IV – Breach of Contract

22. VFV incorporates the foregoing paragraphs as if fully set forth herein.

23. In the BACAR Contract, BACAR assumed towards VFV certain duties such as the duty to comply with applicable laws, statutes, ordinances, codes, rules and regulations. To the extent the proof in this action demonstrates that BACAR breached the duties set forth in the BACAR Contract and caused damages, VFV sues BACAR for breach of contract.

24. In the BLWA Contract, BLWA assumed towards VFV certain duties such as the duty to comply with applicable laws, statutes, ordinances, codes, rules and regulations. To the extent the proof in this action demonstrates that BLWA breached the duties set forth in the BLWA Contract and caused damages, VFV sues BLWA for breach of contract.

## II. Demand

Based on the foregoing, VFV seeks the following relief:

a. Declaratory judgment, as set forth above;

b. Contractual and implied indemnity for the claims made by Plaintiffs;

c. Damages in an amount to be determined at trial;

d. An award of reasonable attorney's fees, costs, and expenses pursuant to the Contracts and under an implied indemnity theory;

e. Pre-judgment interest;

f. That all costs be taxed to Cross-Defendants;

g. Such other and further relief to which VFV may be entitled.

Respectfully submitted,

KAY GRIFFIN, PLLC

/s/ Danica G. Suedekum
BENJAMIN E. GOLDAMMER (#26328)
DANICA G. SUEDEKUM (#36031)
222 Second Avenue North, Suite 340M
Nashville, Tennessee 37201
bg@kaygriffin.com
dgrosko@kaygriffin.com
615-742-4800 (o)
*Counsel for VFV Partners, LLC, Villages at Forest View, LLC and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and accurate copy of the foregoing has been served via the CM/ECF's electronic filing system and/or U.S. Mail on this 27th day of March 2025 upon:

Eric G. Calhoun
Calhoun & Associates
1585 N. Central Expressway
Richardson, TX 75080
eric@ecalhounlaw.com

Matthew T. Sandahl
234 1st Ave. South
Franklin, TN 37064
tsandahl@mtslaw.com
*Attorneys for Plaintiffs*

BACAR Constructors, Inc.
R/A Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

Bernard L. Weinstein & Associates, LLC
R/A Khamphanh Panyavong
2037 Bocage Circle
Nolensville, TN 37135

Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates
R/A Khamphanh Panyavong
2037 Bocage Circle
Nolensville, TN 37135

                /s/ Danica G. Suedekum