# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CHELSIE NITSCHKE and CYNTHIA GEORGE.** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 3:24-cv-01342<br>)<br>) |
| **VILLAGES AT FOREST VIEW, LLC;**<br>**VFV PARTNERS, LLC;**<br>**HOSTETTLER, NEUHOFF & DAVIS, LLC**<br>**d/b/a HND REALTY, LLC; BERNARD L.**<br>**WEINSTEIN**<br>**d/b/a BERNARD L. WEINSTEIN &**<br>**ASSOCIATES;**<br>**BERNARD L. WEINSTEIN &**<br>**ASSOCIATES, LLC; and BACAR**<br>**CONSTRUCTORS, INC.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

## BACAR CONSTRUCTORS, INC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Bacar Constructors, Inc. ("**Defendant,**" or "**Bacar**") and hereby answers the *Plaintiff's First Amended Complaint* ("**Complaint**") filed by Plaintiffs, Chelsie Nitschke and Cynthia George (collectively, "**Plaintiffs**") in the above-captioned matter as follows:

### RESPONSES

1. Bacar contends that the statutory provisions cited in Paragraph 1 of the Complaint speak for themselves and any allegation inconsistent therewith is denied. Bacar denies that it violated any of said statutory provisions. To the extent that Paragraph 1 contains any factual

allegations, Bacar is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

2. Bacar contends that the statutory provisions cited in Paragraph 2 of the Complaint speak for themselves and any allegation inconsistent therewith is denied. Bacar denies that it violated any of said statutory provisions. To the extent that Paragraph 2 contains any factual allegations, Bacar is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

3. Bacar contends that the statutory provisions cited in Paragraph 3 of the Complaint speak for themselves and any allegation inconsistent therewith is denied. Bacar denies that it violated any of said statutory provisions. To the extent that Paragraph 3 contains any factual allegations, Bacar is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

4. Denied.

5. Bacar admits that jurisdiction and venue are proper in this judicial district. To the extent that Paragraph 5 contains any factual allegations, they are hereby denied.

6. Bacar admits that jurisdiction and venue are proper in this judicial district. To the extent that Paragraph 6 contains any factual allegations, they are hereby denied.

7. Bacar admits that jurisdiction and venue are proper in this judicial district. To the extent that Paragraph 7 contains any factual allegations, they are hereby denied.

8. Bacar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9. Bacar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

10. Bacar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

11. Bacar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 11 of the Complaint.

12. Bacar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 12 of the Complaint.

13. Bacar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 13 of the Complaint.

14. Bacar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph No. 10 of the Complaint.

15. Admitted.

16. To the extent the allegations of Paragraph 16 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

17. To the extent the allegations of Paragraph 17 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

18. To the extent the allegations of Paragraph 18 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

19. To the extent the allegations of Paragraph 19 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

20. Denied.

21. Admitted.

22. Admitted.

23. To the extent the allegations of Paragraph 23 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

24. To the extent the allegations of Paragraph 24 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

25. Denied.

26. Denied.

27. Denied.

28. Bacar lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. To the extent the allegations of Paragraph 35 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

36. To the extent the allegations of Paragraph 36 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

37. Denied.

38. Defendant hereby incorporates its responses in the previous paragraphs of this Answer as if fully set forth herein.

39. To the extent the allegations of Paragraph 39 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

40. To the extent the allegations of Paragraph 40 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

41. To the extent the allegations of Paragraph 41 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

42. To the extent the allegations of Paragraph 42 call for a legal conclusion, no response is required. All remaining allegations are hereby denied.

43. Denied.

## FIRST AFFIRTMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs are not entitled to any legal, equitable, or other relief from this Defendant, and Plaintiffs' actions are barred as a matter of law to the extent they seek any relief from this Defendant.

## THIRD AFFIRMATIVE DEFENSE

Defendant would affirmatively aver and allege that it owes no duty of care to Plaintiffs, breached no duty of care, and acted in accordance with generally accepted industry standards.

## FOURTH AFFIRMATIVE DEFENSE

Defendant would affirmatively aver and allege that the damages are not the proximate result of any allege act or failure of this Defendant, and therefore, Plaintiffs are not entitled to recover from this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead or assert additional defenses and/or cross, counter, or third-party claims should such be necessary and/or appropriate.

## SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer to plead any defenses which might be revealed through discovery, or otherwise revealed during the litigation of this case.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not alleged that Plaintiffs otherwise meet the requirements and/or qualifications to buy or rent the property, and no reasonable accommodation would render the Plaintiffs qualified.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing by alleging a generalizing grievance common to a large number of citizens. Plaintiffs have not alleged that Plaintiffs personally suffered some actual or threatened injury as a result of putatively illegal conduct.

WHEREFORE, having fully answered, Defendant denies the allegations contained in the Prayer for Relief, denies each and every allegation not previously addressed, denies that it is in any way caused or contributed to Plaintiffs' alleged injuries, denies that it is liable to Plaintiffs in any sum or sums, and prays that the Complaint be dismissed with costs and attorney's fees taxed to Plaintiffs.

Respectfully Submitted,

*/s/ Shannon M. Renne*
Gregory L. Cashion (No. 10697)
Shannon M. Renne (No. 42544)
SMITH CASHION & ORR, PLC
One American Center

3100 West End Avenue, Suite 800
Nashville, Tennessee 37203
(615) 742-8555
gcashion@smithcashion.com
srenne@smithcashion.com
*Counsel for Defendant Bacar Constructors, Inc.*

# CERTIFICATE OF SERVICE

      I hereby certify that on this the **25th of April, 2025,** a true and correct copy of the ***Bacar Constructors, Inc.'s Answer to Plaintiffs' Amended Complaint*** was filed with the Clerk of the Court using the CM/ECF system, and that a true and correct copy of such filing was served on all known counsel of record listed below through the electronic filing manager, pursuant to the Federal Rules of Civil Procedure.

| | |
|---|---|
| Eric G. Calhoun<br>Texas Bar No. 03638800<br>1595 N. Central Expressway<br>Richardson, Texas 75080<br>Telephone: (214) 766-8100<br>Facsimile: (214) 308-1947<br>eric@ecalhounlaw.com<br>egcla@ecalhounlaw.com  (Assistant) | Benjamin E. Goldammer<br>Danica G. Suedekum<br>Kay Griffin, PLLC<br>222 Second Ave N # 340M<br>Nashville, Tennessee 37201<br>bg@kaygriffin.com<br>dgrosko@kaygriffin.com<br>615-742-4800<br>*Counsel for Villages at Forest View, LLC, VFV Partners, LLC, and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC* |
| M. Todd Sandahl, (No. 19167)<br>Attorney at Law<br>234 First Avenue South<br>Franklin, Tennessee 37064<br>Telephone: (615) 794-3450<br>Facsimile: (615) 794-3510<br>tsandahl@mtslaw.com<br><br>*Counsel for Plaintiffs, Cynthia George and Chelsie Nitschke* | Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates<br>c/o Khamphanh Panyavong<br>2037 Bocage Circle<br>Nolensville, Tennessee 37135<br><br>Bernard L. Weinstein & Associates, LLC<br>c/o Khamphanh Panyavong<br>2037 Bocage Circle<br>Nolensville, Tennessee 37135 |

                                                */s/ Shannon M. Renne*
                                                Shannon M. Renne