IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| CHELSIE NITSCHKE and CYNTHIA GEORGE, | ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) ) | |
| vs. | ) ) | No. 3:24-cv-01342 |
| VILLAGES AT FOREST VIEW, LLC; VFV PARTNERS, LLC; HOSTETTLER, NEUHOFF & DAVIS, LLC d/b/a HND REALTY, LLC, | ) ) ) ) ) ) | Judge William L. Campbell, Jr. Magistrate Judge Alistair Newbern  JURY DEMAND |
| Defendants/Counter-Plaintiffs/Cross-Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| BERNARD L. WEINSTEIN d/b/a BERNARD L. WEINSTEIN & ASSOCIATES; BERNARD L. WEINSTEIN & ASSOCIATES, LLC; and BACAR CONSTRUCTORS, INC, | ) ) ) ) ) | |
| Defendants/Cross-Defendants. | ) | |

## ANSWER OF DEFENDANTS BERNARD L. WEINSTEIN D/B/A BERNARD L. WEINSTEIN & ASSOCIATES AND BERNARD L. WEINSTEIN & ASSOCIATES, LLC TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW the Defendants Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates and Bernard L. Weinstein & Associates, LLC (hereinafter collectively referred to as "Weinstein"), and for their Answer to the First Amended Complaint that has been filed against them in this action by Plaintiffs Chelsie Nitschke and Cynthia George (hereinafter collectively "Plaintiffs"), would state as follows

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim against which relief can be granted as to Weinstein.

## SECOND AFFIRMATIVE DEFENSE

To the extent demonstrated by the proof, all or part of the Plaintiffs' claims are barred by the applicable statutes of limitation and/or statute of repose.

## THIRD AFFIRMATIVE DEFENSE

At all times material to the allegations in the First Amended Complaint, Weinstein performed its services on the project fully, properly, and in accordance with the applicable standard of care, thus barring Plaintiffs' right of action against Weinstein as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs have not suffered all or part of the injuries alleged.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to sue in this matter, including but not limited to standing to sue for the removal of alleged barriers they did not encounter, alleged barriers they encountered but did not cause them any injury in fact, and/or alleged barriers which were unrelated to their alleged disability.

## SIXTH AFFIRMATIVE DEFENSE

To the extent a violation of the Fair Housing Act, American's with Disabilities Act, or any other applicable law, code, or standard exists in the Villages at Forest View Apartments, Weinstein would state that all such violations are due to the acts, errors, and omissions of others for whom Weinstein is not liable, including, but not limited to, Villages at Forest View, LLC, VFV Partners, LLC, Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC, and Bacar Constructors, Inc. in failing to construct the project in accordance with the design documents prepared by Weinstein, and Plaintiffs' recovery against Weinstein, if any, should be reduced in proportion to the percentage of fault attributable to Villages at Forest View, LLC, VFV Partners,

LLC, Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC, and Bacar Constructors, Inc. pursuant to the Tennessee comparative fault statute.

## SEVENTH AFFIRMATIVE DEFENSE

Weinstein violated no duty owed to the Plaintiffs in contract, tort, or otherwise, and is not liable to the Plaintiffs in the amount sued for or any amount.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the Doctrine of Federal Preemption.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the Doctrine of Obstacle Preemption.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by 42 U.S.C § 3613(a)(1)(A).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants' conduct in connection with the Property was not a cause (including but not limited to proximate cause) of any of the alleged accessibility barriers

## TWELFTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiffs' claims are barred by 42 U.S.C § 3604(f)(4) because the Property complied with the appropriate requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people (commonly cited as "ANSI A117.1") when final completion was achieved. Plaintiffs' claims are also barred because the Property otherwise complied with 42 U.S.C § 3604(f)(3)(C) and 24 C.F.R. § 100.205 when final completion was achieved.

### THIRTEENTH AFFIRMATIVE DEFENSE

Upon present information and belief, Plaintiffs' claims may be barred because the alleged accessibility barriers do not materially impair Plaintiffs' use of the Property for its intended purpose.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent avoiding the alleged accessibility barriers was not feasible, practical, and/or would have imposed an undue financial or administrative burden.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, including the request for declaratory and injunctive relief, are barred, in whole or in part, to the extent remediation (if any is deemed necessary by the Court) of the alleged accessibility barriers is infeasible, impracticable or would impose an undue financial or administrative burden.

### SIXTEENTH AFFIRMATIVE DEFENSE

Upon present information and belief, Plaintiffs may have failed to mitigate their damages by seeking timely and appropriate treatment for their alleged injuries.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' request for punitive damages is barred because Defendants' actions (if any) with respect to the alleged accessibility barriers were not made with an evil motive or intent, or with reckless or callous indifference to the rights protected by 42 U.S.C §§ 3601-3619 (the "FHA").

### EIGHTEENTH AFFIRMATIVE DEFENSE

Weinstein is entitled to recovery of its attorneys' fees and costs pursuant to 42 U.S.C § 3613(c)(2) to the extent Plaintiffs' claims are frivolous, unreasonable, and groundless, and/or made in bad faith.

### NINETEENTH AFFIRMATIVE DEFENSE

It is denied that punitive damages may be assessed against this Defendant and awarded to the Plaintiffs in this case under Tennessee law based upon the claims of the Plaintiffs and under the standards of *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992). It is further denied that this Defendant can be held liable for punitive damages by law or that it was guilty of any action that would even merit a finding of liability, much less punitive damages. Alternatively, this Defendant requests that any hearing regarding punitive damages be bifurcated in accordance with Tennessee law.

### TWENTIETH AFFIRMATIVE DEFENSE

By way of further affirmative defense, this Defendant avers that the Plaintiff's claim for punitive damages is barred by the due process clause of the *United States Constitution*, Amendments 5 and 14, Section 1, and by the due process clause of the *Tennessee State Constitution*.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

An award of punitive damages in this case against this Defendant would be unconstitutional, as punitive damage awards are not governed by any specific standards, are not based on rational distinctions, do no serve legitimate state interest, and thereby violate the due process and equal protection provisions of the Fourteenth Amendment to the *United States Constitution*.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

And now, without waiving any of the above defenses, Weinstein would respond to the specific allegations of the First Amended Complaint as follows:

1. The statutory provisions contained in Paragraph 1 of the First Amended Complaint speak for themselves. Weinstein denies that it violated any of the said statutory provisions.

2. The statutory provisions contained in Paragraph 2 of the First Amended Complaint speak for themselves. Weinstein denies that it violated any of the said statutory provisions.

3. The statutory provisions contained in Paragraph 3 of the First Amended Complaint speak for themselves. Weinstein denies that it violated any of the said statutory provisions. Weinstein is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 3 of the First Amended Complaint.

4. Denied.

## II.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. Admitted.

## III.

## PARTIES

8. Weinstein is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of the First Amended Complaint.

9. Weinstein is without sufficient information to either admit or deny the allegations contained in Paragraph 9 of the First Amended Complaint.

10. Admitted upon information and belief.

11. Admitted upon information and belief.

12. Admitted upon information and belief.

13. Admitted.

14. Admitted.

15. Admitted upon information and belief.

## IV.

## STATUTORY BACKGROUND

### A. The FHA

16. The statutory provisions contained in Paragraph 16 of the First Amended Complaint speak for themselves. Weinstein denies that it violated any of the said statutory provisions.

17. The statutory provisions contained in Paragraph 17 of the First Amended Complaint speak for themselves. Weinstein denies that it violated any of the said statutory provisions.

18. The statutory provisions contained in Paragraph 18 of the First Amended Complaint speak for themselves. Weinstein denies that it violated any of the said statutory provisions.

19. The statutory provisions contained in Paragraph 19 of the First Amended Complaint speak for themselves. Weinstein denies that it violated any of the said statutory provisions.

20. Denied.

# V.
# FACTUAL BACKGROUND

A. **The "Property".**

21. Admitted upon information and belief.

22. Admitted upon information and belief.

23. Admitted upon information and belief.

24. The statutory provisions contained in Paragraph 24 of the First Amended Complaint speak for themselves. Weinstein denies that it violated any of the said statutory provisions.

25. Defendant is without sufficient information and belief to admit or deny the allegations contained in Paragraph 25 of the First Amended Complaint.

26. Denied as written.

27. Denied.

28. Defendant is without sufficient information and belief to admit or deny the allegations contained in Paragraph 28 of the First Amended Complaint.

29. Denied.

30. Denied.

31. The statutory provisions contained in Paragraph 31 of the First Amended Complaint speak for themselves. Weinstein denies that it violated any of the said statutory provisions.

32. Denied.

33. Denied.

### C. **FHA Violations.**

34. Denied.

35. Defendant denies each and every allegation contained in Paragraph 35 of the First Amended Complaint and the paragraphs contained therein.

36. Defendant denies each and every allegation contained in Paragraph 36 of the First Amended Complaint and the paragraphs contained therein.

37. Denied.

## VI.

## CAUSE OF ACTION

### For Violation of the FHA, 42 U.S.C. §3601, et. seq. and ADA

38. Defendant incorporates each and every response contained in Paragraphs 1 through 37 of this Answer.

39. Admitted.

40. The statutory provisions contained in Paragraph 40 of the First Amended Complaint speak for themselves. Weinstein denies that it violated any of the said statutory provisions, or that Plaintiffs were injured by any action and/or inaction of Weinstein.

41. The statutory provisions contained in Paragraph 40 of the First Amended Complaint speak for themselves. Weinstein denies that it violated any of the said statutory provisions.

42. Defendant denies each and every allegation contained in Paragraph 42 of the First Amended Complaint.

43. Denied.

# VII.

## **PRAYER FOR RELIEF**

AND NOW, having fully answered, Weinstein denies each and every allegation of the First Amended Complaint not previously addressed, denies that it caused or contributed to any of the Plaintiffs' alleged damages, denies that it is liable to the Plaintiffs in any sum or sums, and prays that this action be dismissed with costs taxed to the Plaintiffs.

Respectfully submitted,

 */s/ Brenden T. Holbrook*
Jefferson C. Orr, TN BPR No. 12743
Brenden T. Holbrook, TN BPR No. 39485
SMITH CASHION & ORR, PLC
3100 West End Avenue
Suite 800 – One American Center
Nashville, TN  37203
(615) 742-8565 – Tel
jorr@smithcashion.com
bholbrook@smithcashion.com
*Attorneys for Defendants/Cross-Defendants Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates and Bernard L. Weinstein & Associates, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded if registered, via the Court's electronic filing system, or, if not registered, sent via regular United States Mail, postage prepaid to the following:

Eric G. Calhoun
Calhoun & Associates
1595 N. Central Expressway
Richardson, TX 75080
(214) 766-8100 – Tel
eric@ecalhounlaw.com
*Attorney for Plaintiffs/Counter-Defendants Chelsie Nitschke and Cynthia George*

M. Todd Sandahl
234 First Avenue South
Franklin, TN 37064
(615) 794-3450 – Tel
tsandahl@mtslaw.com
*Co-Counsel for Plaintiffs/Counter-Defendants Chelsie Nitschke and Cynthia George*

Benjamin E. Goldammer
Danica G. Suedekum
Kay Griffin, PLLC
222 Second Avenue North
Suite 340M
Nashville, TN 37201
(615) 742-4800 – Tel
bg@kaygriffin.com
dgrosko@kaygriffin.com
*Attorney for Defendants/Counter-Plaintiffs/Cross-Plaintiffs Villages at Forest View, LLC, VFV Partners, LLC, and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC*

Gregory L. Cashion
Shannon M. Renne
Smith Cashion & Orr, PLC
3100 West End Ave.
Suite 800
Nashville, TN 37203
(615) 742-8555 – Tel
gcashion@smithcashion.com
srenne@smithcashion.com
*Attorneys for Defendant/Cross-Defendant Bacar Constructors, Inc.*

This 13th day of May 2025.

      /s/ Brenden T. Holbrook
      Brenden T. Holbrook