IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CHELSIE NITSCHKE and CYNTHIA GEORGE, | ) ) ) |
| Plaintiffs/Counter-Defendants, | ) ) |
| vs. | ) No. 3:24-cv-01342 ) |
| VILLAGES AT FOREST VIEW, LLC; VFV PARTNERS, LLC; HOSTETTLER, NEUHOFF & DAVIS, LLC d/b/a HND REALTY, LLC, | ) Judge William L. Campbell, Jr. ) Magistrate Judge Alistair Newbern ) ) JURY DEMAND ) |
| Defendants/Counter-Plaintiffs/Cross-Plaintiffs, | ) ) ) |
| vs. | ) ) |
| BERNARD L. WEINSTEIN d/b/a BERNARD L. WEINSTEIN & ASSOCIATES; BERNARD L. WEINSTEIN & ASSOCIATES, LLC; and BACAR CONSTRUCTORS, INC, | ) ) ) ) ) |
| Defendants/Cross-Defendants. | ) |

**ANSWER OF DEFENDANTS/CROSS-DEFENDANTS BERNARD L. WEINSTEIN D/B/A BERNARD L. WEINSTEIN & ASSOCIATES AND BERNARD L. WEINSTEIN & ASSOCIATES, LLC TO DEFENDANTS/CROSS-PLAINTIFFS VILLAGES AT FOREST VIEW, LLC, VFV PARTNERS, LLC AND HOSTETTLER, NEUOFF & DAVIS, LLC D/B/A HND REALTY, LLC'S CROSS-CLAIM**

COME NOW the Defendants Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates and Bernard L. Weinstein & Associates, LLC (hereinafter collectively referred to as "Weinstein"), and for their Answer to the Cross-Claim that has been filed against them in this action by Defendants Villages at Forest View, LLC, VFV Partners, LLC and Hostettler, Neuoff & Davis, LLC d/b/a HND Realty, LLC (hereinafter collectively "Cross-Plaintiffs"), would state as follows

**FIRST AFFIRMATIVE DEFENSE**

The Cross-Claim fails to state a claim against which relief can be granted as to Weinstein.

## SECOND AFFIRMATIVE DEFENSE

To the extent demonstrated by the proof, all or part of the Cross-Plaintiffs' claims are barred by the applicable statutes of limitation and/or statute of repose.

## THIRD AFFIRMATIVE DEFENSE

At all times material to the allegations in the Cross-Claim, Weinstein performed its services on the project fully, properly, and in accordance with the applicable standard of care, thus barring Cross-Plaintiffs' right of action against Weinstein as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

The Cross-Plaintiffs have not suffered all or part of the injuries alleged.

## FIFTH AFFIRMATIVE DEFENSE

Cross-Plaintiffs lack standing to sue in this matter, including but not limited to standing to sue for the removal of alleged barriers they did not encounter, alleged barriers they encountered but did not cause them any injury in fact, and/or alleged barriers which were unrelated to their alleged disability.

## SIXTH AFFIRMATIVE DEFENSE

To the extent a violation of the Fair Housing Act, American's with Disabilities Act, or any other applicable law, code, or standard exists in the Villages at Forest View Apartments, Weinstein would state that all such violations are due to the acts, errors, and omissions of others for whom Weinstein is not liable, including, but not limited to, Villages at Forest View, LLC, VFV Partners, LLC, Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC, and Bacar Constructors, Inc. in failing to construct the project in accordance with the design documents prepared by Weinstein, and Plaintiffs' recovery against Weinstein, if any, should be reduced in proportion to the percentage of fault attributable to Villages at Forest View, LLC, VFV Partners,

LLC, Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC, and Bacar Constructors, Inc. pursuant to the Tennessee comparative fault statute.

## SEVENTH AFFIRMATIVE DEFENSE

Weinstein violated no duty owed to the Cross-Plaintiffs in contract, tort, or otherwise, and is not liable to the Cross-Plaintiffs in the amount sued for or any amount.

## EIGHTH AFFIRMATIVE DEFENSE

The Cross-Plaintiffs' claims are barred by the Doctrine of Federal Preemption.

## NINTH AFFIRMATIVE DEFENSE

The Cross-Plaintiffs' claims are barred by the Doctrine of Obstacle Preemption.

## TENTH AFFIRMATIVE DEFENSE

The Defendant's duties under the Americans with Disabilities Act and the Fair Housing Act are non-delegable, and Cross-Plaintiff is barred from shifting liability for alleged breaches of said duties to Weinstein.

## ELEVENTH AFFIRMATIVE DEFENSE

All or part of the Cross-Plaintiffs' claims are barred by failure to mitigate damages.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Cross-Plaintiffs against Weinstein are precluded and barred by the independent intervening acts, or failures to act, of other parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

All or part of the Cross-Plaintiffs' claims are barred by the Doctrine of Assumption of Risk.

3

Case 3:24-cv-01342     Document 42     Filed 06/10/25     Page 3 of 8 PageID #: 434

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent facts are developed that justify reliance thereon, Weinstein pleads and relies upon the defenses of estoppel, laches, release, illegality and waiver.

And now, without waiving any of the above defenses, Weinstein would respond to the specific allegations of the Cross-Claim as follows:

1. The Contract speaks for itself. To the extent that Paragraph 1 is interpreted to contain any further factual allegations, Weinstein is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Admitted.

3. The Contract speaks for itself. To the extent that Paragraph 3 is interpreted to contain any further factual allegations, Weinstein is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. This Paragraph is not aimed at Weinstein and therefore does not require a response. To the extent that Paragraph 4 is interpreted to contain any further factual allegations, Weinstein is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. This Paragraph is not aimed at Weinstein and therefore does not require a response. To the extent that Paragraph 5 is interpreted to contain any further factual allegations, Weinstein is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. This Paragraph is not aimed at Weinstein and therefore does not require a response. To the extent that Paragraph 6 is interpreted to contain any further factual allegations,

Weinstein is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. The Amended Complaint speaks for itself.

8. The Amended Complaint and the cited statutory provisions speak for themselves.

9. The Amended Complaint speaks for itself. Weinstein denies any of its acts and/or omissions gave rise to Plaintiffs' claims.

10. Admitted.

11. Admitted.

12. Denied.

## I. Causes of Action

### Count I – Declaratory Judgment

13. Weinstein restates and incorporates by reference the foregoing responses in this Answer as if fully stated herein.

14. This Paragraph is not aimed at Weinstein and therefore does not require a response. To the extent that Paragraph 14 is interpreted to contain any further factual allegations, Weinstein is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. Denied.

### Count II - Indemnity

16. Weinstein restates and incorporates by reference the foregoing responses in this Answer as if fully stated herein.

17. This Paragraph is not aimed at Weinstein and therefore does not require a response. To the extent that Paragraph 17 is interpreted to contain any further factual allegations,

Weinstein is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. The Contract speaks for itself. To the extent that Paragraph 18 is interpreted to contain any further factual allegations, Weinstein is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

### Count III - Negligence

19. Weinstein restates and incorporates by reference the foregoing responses in this Answer as if fully stated herein.

20. This Paragraph is not aimed at Weinstein and therefore does not require a response. To the extent that Paragraph 20 is interpreted to contain any further factual allegations, Weinstein is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Denied.

22. Weinstein restates and incorporates by reference the foregoing responses in this Answer as if fully stated herein.

### Count IV – Breach of Contract

23. This Paragraph is not aimed at Weinstein and therefore does not require a response. To the extent that Paragraph 23 is interpreted to contain any further factual allegations, Weinstein is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. The Contract speaks for itself. To the extent that Paragraph 24 is interpreted to contain any further factual allegations, Weinstein is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

**AND NOW**, having fully answered, Weinstein denies each and every allegation of the Cross-Claim not previously addressed, denies that it caused or contributed to any of the Cross-Plaintiffs' alleged damages, denies that it is liable to the Cross-Plaintiffs in any sum or sums, and prays that this action be dismissed with costs taxed to the Cross-Plaintiffs.

Respectfully submitted,

/s/ Brenden T. Holbrook
Brenden T. Holbrook, TN BPR No. 39485
SMITH CASHION & ORR, PLC
3100 West End Avenue
Suite 800 – One American Center
Nashville, TN 37203
(615) 742-8565 – Tel
jorr@smithcashion.com
bholbrook@smithcashion.com
*Attorneys for Defendants/Cross-Defendants Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates and Bernard L. Weinstein & Associates, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded if registered, via the Court's electronic filing system, or, if not registered, sent via regular United States Mail, postage prepaid to the following:

Eric G. Calhoun
Calhoun & Associates
1595 N. Central Expressway
Richardson, TX 75080
(214) 766-8100 – Tel
eric@ecalhounlaw.com
*Attorney for Plaintiffs/Counter-Defendants Chelsie Nitschke and Cynthia George*

M. Todd Sandahl
234 First Avenue South
Franklin, TN 37064
(615) 794-3450 – Tel
tsandahl@mtslaw.com
*Co-Counsel for Plaintiffs/Counter-Defendants Chelsie Nitschke and Cynthia George*

Benjamin E. Goldammer
Danica G. Suedekum
Kay Griffin, PLLC
222 Second Avenue North
Suite 340M
Nashville, TN 37201
(615) 742-4800 – Tel
bg@kaygriffin.com
dgrosko@kaygriffin.com
*Attorney for Defendants/Counter-Plaintiffs/Cross-Plaintiffs Villages at Forest View, LLC, VFV Partners, LLC, and Hostettler, Neuhoff & Davis, LLC d/b/a HND Realty, LLC*

Gregory L. Cashion
Shannon M. Renne
Smith Cashion & Orr, PLC
3100 West End Ave.
Suite 800
Nashville, TN 37203
(615) 742-8555 – Tel
gcashion@smithcashion.com
srenne@smithcashion.com
*Attorneys for Defendant/Cross-Defendant Bacar Constructors, Inc.*

    This 10th day of June, 2025.

                                                  /s/ Brenden T. Holbrook